UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DONALD MASCIO,
   Plaintiff,

vs.                No. 08-1050

DOCTOR FISHER, et.al.,
   Defendants

## CASE MANAGEMENT AND MERIT REVIEW ORDER

     This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff, a state prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 against five defendants from Pontiac Correctional Center including Psychiatrists Dr. Fisher, Dr. Garlic and Dr. Coco; Nurse Scott Baker, Dr. Linda Zhang and Psychologist Angus Alton. The plaintiff is clearly alleging that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical conditions. However, it is not entirely clear from the plaintiff's complaint what each defendant is accused of doing or not doing.

     The plaintiff states that he was denied care for various medical conditions between May of 2007 and February of 2008. The plaintiff lists a variety of examples including: 1) he has suffered from back pain and fever with no treatment; 2) he was denied eye glasses for approximately 14 months; 3) a denial of eye care lead to a pink eye infection; 4) Dr. Fisher took away the plaintiff's medications from March of 2007 to December of 2007 and 5) Nurse Scott Baker refused treatment when the plaintiff injured his neck and when he had pain in legs and foot. The court notes the plaintiff also mentions that Medical Technician Beasley ignored his requests for medication, but Beasley is not named as a defendant.

     While the plaintiff has alleged a violation of his Eighth Amendment rights, he has not stated how these defendants are liable for his claims. In order for the defendants to respond to his complaint, the plaintiff must provide a little more information. *See* Fed. R. Civ. P. 8(a)(2); *see also Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 2002 WL 413172 at 4 (7th Cir. 2002).

The plaintiff has stated that Dr. Fisher took away his medications, but he has not clearly stated why he named the other defendants. Therefore, the plaintiff must provide the court with a brief explanation of why he named each defendant. The plaintiff does not have to provide great detail. Instead, for each defendant, the plaintiff should state what medical condition he suffered from, what the defendant did or did not do to help the plaintiff, and approximately when the allegation occurred.

For instance, the plaintiff states that Dr. Fisher refused to provide his medications from March of 2007 to December of 2007. The plaintiff has adequately put Dr. Fisher on notice of the claims against him. The plaintiff needs to provide the same information to Defendants Dr. Garlic, Dr. Coco, Dr. Zhang and Dr. Alton. The plaintiff should also provide a rough time period for when Defendant Baker refused care for his neck, leg and foot injuries.

The plaintiff must provide this information to the court within 21 days. If the plaintiff fails to provide this information, he will not be allowed to proceed against the defendants he has failed to state a claim against.

Finally, the plaintiff states that the defendants violated his Fourteenth Amendment rights, but provides no facts to support this bare allegation. For clarification of the docket, the court also notes that the plaintiff has stated claims against the defendants in their individual capacities only. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). (Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983. )

**IT IS THEREFORE ORDERED:**

**Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff has adequately alleged that Defendants Fisher and Baker violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical needs. The plaintiff has failed to state why he named Dr. Garlick, Dr. Coco Dr. Zhang and Dr. Alton as defendants**. **Rather than dismiss these defendants, the court will allow the plaintiff one opportunity to state claims against these individuals. The plaintiff must provide the information outlined in this order on or before March 21, 2008. No further continuances will be granted.**

Entered this 25th Day of February, 2008.

                              s\Harold A. Baker
    _____
                        HAROLD A. BAKER
                  UNITED STATES DISTRICT JUDGE