UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DONALD MASCIO,
   Plaintiff,

  vs.                                 No. 08-1050

DOCTOR FISHER, et.al.,
   Defendants

CASE MANAGEMENT ORDER #2

      The plaintiff, a state prisoner, filed this lawsuit pursuant to 42 U.S.C. §1983 against six defendants from Pontiac Correctional Center including Psychiatrists Dr. Fisher, Dr. Garlick and Dr. Coco; Nurse Scott Baker; Dr. Linda Zhang and Psychologist Alton Angus.  On February 25, 2008, the court conducted a merit review of the plaintiff's complaint.  The court found that the plaintiff had adequately alleged that the defendants were deliberately indifferent to his serious medical condition between May of 2007 and February of 2008.  However, the plaintiff had only specifically named two defendants in the body of his complaint.

      The court explained to the plaintiff that he must put each defendant on notice of the claims against them.  The court gave the plaintiff twenty-one days to provide this information. The court advised the plaintiff that he did not need to go into great detail, but did have to state in a sentence or two why he named each individual as a defendant.  *See* February 25, 2008 Merit Review Order.

      The plaintiff did not directly respond to the court's order, but instead filed a motion for appointment of counsel.  However, the court notes that within his motion for appointment of counsel, the plaintiff has provided the necessary information.

      The plaintiff has already alleged that Dr. Fisher took away the plaintiff's medications from March of 2007 to December of 2007 and that Nurse Scott Baker refused treatment when the plaintiff had neck, leg and foot pain.  The plaintiff now says on September 10, 2006, he saw Dr. Garlick and a nurse[1] and told them about extreme pain he had in his back.  The plaintiff says he begged them for medical care, but his requests were ignored.

      On May 23, 2007, the plaintiff says he saw Dr. Alton Angus and told him about the pain

---

[1] The court notes that "Nurse Joyce" is not currently named as defendant.  If the plaintiff wishes to add her to his list of defendants, he must file a motion to amend his complaint.

he was suffering. Dr. Alton refused to send the plaintiff to the health care unit and the plaintiff was again denied medical care. From November 14, 2006 to June 14, 2007, the plaintiff says he saw Nurse Baker on several occasions and told him about the pain in his back and neck, but Baker denied him medical care. Finally, the plaintiff says on January 11, 2007, he saw Dr. Zhang and Nurse Baker, again told them about the pain he was experiencing and was again denied medical care.

The plaintiff has one remaining claim in his original complaint. He says he was denied eye care for over a year. Due to this lack of care, he developed a pink eye infection and went without glasses until December of 2007. The plaintiff still has not clearly stated which defendants are responsible for this denial of eye care. Since the plaintiff is proceeding pro se, the court will allow him to proceed on this claim against all defendants. However during the discovery process, the plaintiff must be able to identify which defendants refused him eye care.

The court finds that the plaintiff has adequately alleged that the defendants have repeatedly violated his Eighth Amendment rights when:

1) Defendants Garlick, Zhang, Alton and Baker were deliberately indifferent to the plaintiff's serious medical condition when they denied him care for pain in his back, neck and legs from approximately March of 2007 to February of 2008;
2) Defendant Fisher was also deliberately indifferent to the plaintiff's serious medical conditions when he took away the plaintiff's medications from March of 2007 to December of 2007;
3) The defendants were deliberately indifferent to the plaintiff's serious medical condition when they refused him eye care and prescription glasses for over a year.

The plaintiff must pass both an objective and a subjective test in order to establish that a lack of appropriate medical care violated the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The plaintiff must first demonstrate that the alleged deprivation was sufficiently serious. *Id*. The plaintiff must also show that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42). Allegations of negligence or medical malpractice do not state an Eighth Amendment claim. *Ford v. Page*, 2001 WL 456427, at 6 (N.D.Ill. April 27, 2001). "Further, dissatisfaction or disagreement with the method of treatment or inability to effect a final cure does not constitute an Eighth Amendment claim of deliberate indifference. Also, mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference." *Jones v. Natesha*,151 F.Supp.2d 938, 945 (N.D.Ill.,2001), *citations omitted*.

2

"[P]roof of deliberate indifference may be found where a prison official intentionally denies or delays access to medical care or intentionally interferes with the treatment once prescribed." *Jones v. Natesha*, 151 F.Supp.2d 938, 945 (N.D. Ill. 2001) *citing Ford,* 2001 WL 456427 at 6.   However, "an inmate who complains that delay in medical treatment rose to constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).

### MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff has also filed a motion for appointment of counsel. [d/e 7]. The plaintiff states that he does not have the money to hire counsel and does not have the legal training to represent himself. The plaintiff further claims he is taking medication for mental illness and it makes him drowsy. The plaintiff has not provided any evidence of a diagnosis.

Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer, *Merritt v. Faulkner,* 697 F.2d 761, 763 (7th Cir. 1983), but federal district courts are authorized by statute to appoint counsel where justified by "exceptional circumstances." *Farmer v Haas,* 990 F.2d 319, 322 (7th Cir. 1993). Before a court will inquire as to whether a circumstances of a case are exceptional, the plaintiff must demonstrate that he has made reasonable efforts to retain counsel and was unsuccessful, or that he was effectively precluded from making such efforts. *Jackson v. County of McLean,* 953 F.2d 1070, 1072-73 (7th Cir. 1992); *see also Williams v Finney,* 2007 WL 3085958 at 1 (N.D. Ill. Oct. 18, 2007). The plaintiff's motion makes no such representation.

The court also notes that the plaintiff appears capable of representing himself based on his submissions. Although the case involves the plaintiff's medical treatment, at this point it does not appear so complex that the plaintiff is not competent to proceed pro se. The difficulties faced by the plaintiff are the same faced by all pro se prisoners. Perhaps more importantly, the plaintiff has not shown enough factual merit to his claims of deliberate indifference to warrant an inference that counsel would make a difference in the outcome. The motion for appointment of counsel is denied. [d/e 7]

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A and the additional information provided by the plaintiff, the court finds that the plaintiff states the following federal claims:**

    **a) Defendants Garlick, Zhang, Alton and Baker were deliberately indifferent to**

**the plaintiff's serious medical condition when they denied him care for pain in his back, neck and legs from approximately March of 2007 to February of 2008.**
**b) Defendant Fisher was also deliberately indifferent to the plaintiff's serious medical conditions when he took away the plaintiff's medications from March of 2007 to December of 2007.**
**c) The defendants were deliberately indifferent to the plaintiff's serious medical condition when they refused him eye care and prescription glasses for over a year. The claims are against the defendants in their individual capacities only.**

2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order. The defendants shall file an answer to the claims identified in this order. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

6) The plaintiff's motion for appointment of counsel is denied. [d/e 7]

Entered this 16th Day of April, 2008.


                              s\Harold A. Baker
                    _____
                            HAROLD A. BAKER
                       UNITED STATES DISTRICT JUDGE