IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DONALD MASCIO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08-1050 |
| DR. FISHER, DR. GARLICK, NURSE SCOTT BAKER, DR. LINDA ZHANG, ALTON ANGUS, and DR. COCO | ) ) ) ) |
| Defendants. | ) ) |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendants, DR. GARLICK and ALTON ANGUS, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby answers and raises affirmative defenses against the allegations in Plaintiff's Complaint, stating as follows:

## BACKGROUND

Plaintiff, Donald Mascio is a prisoner of the Illinois Department of Corrections, housed at Pontiac Correctional Center. On February 13, 2008, Plaintiff initially filed his complaint. This Court conducted a merit review and explained to the Plaintiff that he must put each defendant on notice of the claims against them. The Plaintiff did not directly respond to the Court's order, but filed a motion of appointment of counsel that the Court found to provide the necessary information. This Court ordered Defendant to answer the claims and issues stated in its case management order of April 16, 2008. Defendants Garlick and Angus hereby answer Plaintiff's complaint.

## STATEMENT OF CLAIM

1. Dr. Fisher took away Plaintiff's medications from March of 2007 to December of 2007.

ANSWER: Defendants Garlick and Angus lack sufficient knowledge to admit or deny the allegations in this paragraph.

2. Nurse Scott Baker refused treatment when the Plaintiff had neck, leg, and foot pain.

ANSWER: Defendants Garlick and Angus lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

3. On September 10, 2006, Plaintiff saw Dr. Garlick and nurse Joyce.

ANSWER: Defendant Garlick admits that he saw Plaintiff on September 10, 2006. Defendant Angus lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

4. Plaintiff informed Dr. Garlick and nurse Joyce that he was in extreme pain from the neck and throughout the back, and was barely able to move because the pain was so unbearable.

ANSWER: Defendants Garlick and Angus lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

5. Plaintiff begged Dr. Garlick and Nurse Joyce to help him get some medical treatment for the pain.

ANSWER: Defendants Garlick and Angus lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

6. Dr. Garlick and Nurse Joyce ignored Plaintiff's extreme pain, denying him the proper and adequate medical care treatment for his serious medical need.

ANSWER: Defendant Garlick denies that he ignored the Plaintiff's pain. Defendant Garlick denies he had the authority to provide Plaintiff medical treatment, and therefore denies that he denied Plaintiff proper and adequate medical treatment. Defendant Angus lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

7. Dr. Garlick instead put him on suicide watch.

ANSWER: Defendant Garlick admits he put Plaintiff on suicide watch, but denies that he did so "instead" of providing medical treatment. Defendant Angus lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

8. On May 23, 2007, Plaintiff saw Alton Angus and told him about the pain he was suffering.

ANSWER: Defendant Angus admits that he saw the Plaintiff on May 23, 2007, but lacks sufficient knowledge of whether Plaintiff told him about the pain he was suffering, and therefore cannot admit or deny the same. Defendant Garlick lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

9. Mr. Angus did nothing to help Plaintiff in attaining the appropriate medical care.

ANSWER: Defendant Angus denies that he did nothing to help Plaintiff attain appropriate medical care. Defendant Garlick lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

10. Mr. Angus had the authority to prescribe or admit Plaintiff to the health care unit, but refused.

ANSWER: Defendant Angus denies that he has the authority to prescribe or admit Plaintiff to the health care unit. Defendant Garlick lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

11.    Mr. Angus sent Plaintiff back to his cell, refusing to provide him with the proper and adequate medical treatment.

ANSWER: Defendant Angus admits he sent Plaintiff back to his cell. Defendant Angus denies that he has the authority to provide Plaintiff medical treatment, and therefore denies that he refused to provide Plaintiff with the proper and adequate medical treatment. Defendant Garlick lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

12.    Plaintiff was denied eye care for over a year.

ANSWER: Defendants Garlick and Angus lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

13.    Plaintiff developed a pink eye infection and went without glasses until December of 2007.

ANSWER: Defendants Garlick and Angus lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

14.    From November 14, 2006 to June 14, 2007, the Plaintiff saw nurse Baker on several occasions and told him about the pain in his back and neck, but Baker denied him medical care.

ANSWER: Defendants Garlick and Angus lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

15.    On January 11, 2007, Plaintiff saw Dr. Zhang and Nurse Baker and told them about the pain he was experiencing and was again denied medical care.

ANSWER: Defendants Garlick and Angus lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

16. Defendants Garlick, Zhang, Alton Angus, and Baker were deliberately indifferent to the Plaintiff's serious medical condition when they denied him care for pain in his back, neck, and legs from approximately March 2007 to February 2008.

ANSWER: Defendant Garlick denies that he was deliberately indifferent to Plaintiff's medical condition. Defendant Garlick lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as they relate to other defendants. Defendant Angus denies he was deliberately indifferent to Plaintiff's medical condition. Defendant Angus lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as they relate to other defendants.

17. Defendant Fisher was also deliberately indifferent to the Plaintiff's serious medical conditions when he took away the Plaintiff's medications from March of 2007 to December 2007.

ANSWER: This claim is not directed to Defendants Garlick and Angus, therefore, Defendants Garlick and Angus lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

18. Defendants were deliberately indifferent to the Plaintiff's serious medical condition when they refused him eye care and prescription glasses for over a year.

ANSWER: Defendants Garlick and Angus deny that they were deliberately indifferent to Plaintiff's serious medical condition by refusing him eye care and prescription glasses for over a year. Defendants Garlick and Angus lack sufficient knowledge to admit or deny the allegations in regard to the other defendants.

## AFFIRMATIVE DEFENSES

Further answering and by way of affirmative defense, Defendants state as follows:

1.   At all times relevant to Plaintiff's claims, Defendants acted in good faith in the performance of their official duties and without violating the Plaintiff's clearly established constitutional rights.  Defendants are protected from liability by the doctrine of qualified immunity.

2.   The plaintiff has failed to exhaust his administrative remedies as is required prior to filing suit under 42 U.S.C. §1983 by the Prison Litigation Reform Act (42 U.S.C. 1997) and <u>Perez v. Wisconsin Dept. of Corrections</u>, 182 F.3d 532 (7th Cir. 1999)

WHEREFORE, Defendants respectfully request this honorable Court deny the relief requested by the Plaintiff and enter judgment in favor of the Defendants.

Respectfully submitted,

DR. GARLICK and ALTON ANGUS,

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendants,

By: /s/ Ryan Nelson
    Ryan Nelson, 6294498
    Assistant Attorney General

Ryan Nelson, # 6294498
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
(217)782-5819

Of Counsel.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2008, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on June 20, 2008, I mailed by United States Postal Service, the document to the following non-registered participants:

Donald Mascio, #B-15769
Pontiac Correctional Center
700 W. Lincoln, P.O. Box 99
Pontiac, IL  61764

Respectfully submitted,

s/Ryan A. Nelson
Ryan A. Nelson, #6294498
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-5819
Facsimile:  (217) 524-5091
rnelson@atg.state.il.us