E-FILED
Wednesday, 30 July, 2008  10:20:20 AM
Clerk, U.S. District Court, ILCD

05415-R7702
MAL/jlp

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

DONALD MASCIO, B15769,            )
                                  )
                Plaintiff,        )
                                  )
        v.                        )        No. 08-1050-HAB-JAG
                                  )
DR. FISHER, DR. GARLICK, DR.      )
COCO, SCOTT BAKER, DR. LINDA      )
ZHANG, and ALTON ANGUS,           )
                                  )
                Defendants.       )

## MOTION FOR SUMMARY JUDGMENT FOR
## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

NOW COME the Defendants, SCOTT BAKER and LIPING ZHANG, M.D. (incorrectly

referred to as "Dr. Linda Zhang), by their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and

for their Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, state as

follows:

### I.  BACKGROUND

Plaintiff, Donald Mascio, is currently incarcerated at the Graham Correctional Center.

Plaintiff's claims arise from the time that he spent at the Pontiac Correctional Center.  The Court has

found that the Plaintiff has stated the following claims:

1.   Defendants Garlick, Zhang, Alton, and Baker were deliberately
     indifferent to the Plaintiff's serious medical condition when they
     denied him care for pain in his back, neck, and legs from
     approximately March 2007 to February 2008;

2.   Defendant Fisher was also deliberately indifferent to the Plaintiff's
     serious medical conditions when he took away the Plaintiff's
     medications from March 2007 to December 2007;

3.   The Defendants were deliberately indifferent to the Plaintiff's serious
     medical condition when they refused him eye care and prescription
     glasses for over a year.  (Case Management Order, Document 8).

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-R7702
MAL/jlp

Plaintiff does not specify which Defendants allegedly refused him eye care and prescription glasses for over a year. For the following reasons, summary judgment is proper in this case.

## II. FACTS CLAIMED TO BE UNDISPUTED

1.      Dr. Liping Zhang is a physician or was a physician at the Pontiac Correctional Center at all relevant times.

2.      Scott Baker was a nurse practitioner employed at the Pontiac Correctional Center at all relevant times.

3.      Melody Ford is a Chairperson with the Office of Inmate Issues for the Illinois Department of Corrections ("the Department") and has held this position since 2001. She has been employed by the Department in various capacities since 1993. In performing her duties as a Chairperson, among other things, I maintain a thorough knowledge of the operations and record keeping of the Department's Administrative Review Board (ARB), which reviews grievances filed by Department inmates in the manner set forth herein. (Exhibit A, Affidavit of Melody Ford.)

4.      Inmates incarcerated within the Department may file grievances in accordance with Department Rule 504F: Grievance Procedures for Committed Persons. Generally, an inmate must first attempt to resolve grievances through his counselor. If the grieved issue remains unresolved after such informal efforts, or for example, involves a disciplinary proceeding, the inmate may submit a written grievance on a grievance form to the facility Grievance Officer designated by the Chief Administrative Officer ("CAO"). The Grievance Officer may personally interview the inmate and/or other witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance. Upon completion of such investigation, the Grievance Officer's conclusions and

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-R7702
MAL/jlp

if appropriate, recommended relief is forwarded to the CAO.  The CAO, or CAO's designee's,

decision is then submitted to the grieving inmate.  (Exhibit A.)

     5.     If, after receiving the CAO's decision the inmate feels the issue is unresolved, he may

appeal in writing to the Director of the Department by submitting the Grievance Officer's report and

CAO's decision.  The ARB, as the Director's designee, reviews the appeal and first determines

whether the inmate's grievance can be handled without the necessity of a hearing.  If so, the inmate

is so advised.  Other matters are scheduled for an ARB hearing involving an interview of the grieving

inmate, examining relevant documents and at the ARB's discretion, calling witnesses.  The ARB

submits a written report of its findings and recommendations to the Director or Director's designee

who then reviews the report and makes a final determination on the grievance.  A copy of the Arb's

report and the Director's final decision is sent to the inmate who filed the grievance.  The originals

of these documents are maintained in the ARB's files.  Department Rule 504F: Grievance Procedures

for Committed Person provides no further means for review beyond this step.  (Exhibit A.)

     6.     Certain issues may be grieved directly to the ARB, rather than first through a

counselor or grievance officer.  These issues include:

     a.     Decisions involving the involuntary administration of psychotropic medication;

     b.     Decisions regarding protective custody placement, including continued placement in or release from protective custody;

     c.     Decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and

     d.     Other issues except personal property issues which pertain to a facility other than the facility where the inmate is currently assigned.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-R7702
MAL/jlp

These grievances are then handled in accordance with the procedures described in paragraph 3 above. (Exhibit A.)

7.      An inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO rather than to a counselor or grievance officer.  If the CAO determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance may be handled on an emergency basis.  An inmate may appeal the CAO's decision in such a situation to the ARB.  The appeal is then handled in accordance with the procedure described in paragraph 3 above.  (Exhibit A.)

8.      The grievance procedure may not be utilized for complaints regarding decisions which are outside the Department's authority such as parole decisions, clemency or orders regarding the length of sentences or decisions which have been reviewed by the Director.  (Exhibit A.)

9.      Ms. Ford has searched the ARB's records in regard to Inmate Donald Mascio, Register number B15769.  Ms. Ford looked specifically for any grievances in which Plaintiff complained of medical care and treatmetn by Dr. Zhang, Scott Baker, Dr. Mark Fischer and Dr. Soberekon Koko, from March of 2007 through February, 2008.  The ARB's records do not contain any grievances in which Plaintiff complained of these facts. (Exhibit A.)

### III.  APPLICABLE LAW

A.      Exhaustion

Pursuant to the Prison Litigation Reform Act (PLRA), all prison inmates bringing an action under 42 U.S.C. § 1983, with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the lawsuit. 42 U.S.C. § 1997e(a).  Section 1997e(a) specifically provides:

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

4

05415-R7702
MAL/jlp

No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted.

The statute is "too clear" and suits "must be dismissed" if administrative remedies are not followed.  Perez v. Wisconsin Dept. of Corrections, 182 F.3d 533, 534 (7th Cir. 1999).  As noted in Exhibit A, the Illinois Department of Corrections has a grievance procedure.

A plaintiff's suit must be dismissed if administrative remedies are not exhausted and the Court lacks discretion until such time as the plaintiff has exhausted.  Perez.  Furthermore, in Booth v. Turner, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), the United States Supreme Court has held that exhaustion is required regardless of the relief offered through the administrative procedures. Additionally, the Seventh Circuit has definitively stated that an inmate must file his grievance and the appeal of that grievance within the proper time frame outlined in the prison's administrative rules in order to have properly exhausted his or her administrative remedies under 42 U.S.C. § 1997e(a). Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002).  "Any other approach would allow a prisoner to 'exhaust' state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem. . . ." Pozo, at 1023-24.

Recently, the Seventh Circuit has further defined the sequence to be followed in a case in which exhaustion of administrative remedies is contested.  The Seventh Circuit has held the proper sequence to be:

(1) District Court judge conducts a hearing on exhaustion and permits whatever discovery relating only to exhaustion he deems appropriate, (2) If the judge determines that administrative remedies were not exhausted, he will then determine whether the plaintiff has unexhausted remedies that plaintiff must go back and exhaust, or although he has no unexhausted remedies, the failure to exhaust was

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-R7702
MAL/jlp

innocent, in which event plaintiff will be allowed to go back and exhaust, or the failure to exhaust was the plaintiff's fault, in which even the case is over, but (3) if and when the judge determines that the plaintiff has properly exhausted administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits and (4) if there is a jury trial, the jury will make all necessary findings of fact without being bound by or even informed of any of the findings made by the judge in determining that plaintiff has exhausted administrative remedies.

Pavey v. Conley, WL2277494 (7th Cir. 2008).

## IV.  ANALYSIS

**A.    Defendants are Entitled to Summary Judgment in This Matter Because Plaintiff has Failed to Exhaust His Administrative Remedies.**

In this case, the Plaintiff has failed to exhaust his administrative remedies.  A thorough search of the Administrative Review Board's records was conducted.  Department of Records reflect the Plaintiff has not filed any grievance regarding the claims he has made regarding his medical treatment while at the Pontiac Correctional Center.  Specifically the ARB records indicate that the Plaintiff has not complained of any medical care and treatment provided by Dr. Zhang, Scott Baker, Dr. Mark Fisher, or Dr. Soberekon Koko, from March 2007 through February 2008.  Defendants are entitled to Summary Judgment, because exhaustion must be completed before the suit is filed.

WHEREFORE, for the above listed reasons, the Defendants respectfully request this Court enter summary judgment in their favor and against the Plaintiff.

Respectfully submitted,

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

6

05415-R7702
MAL/jlp

SCOTT BAKER and LIPING ZHANG, M.D.,
Defendants,

HEYL, ROYSTER, VOELKER & ALLEN,
Attorneys for Defendants,

BY:    /s/Matthew A. Lurkins

Matthew A. Lurkins, #6286756
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, National City Center
P. O. Box 1687
Springfield, IL  62705
Phone: (217) 522-8822
Fax:    (217) 523-3902
E-mail:mlurkins@hrva.com

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-R7702
MAL/jlp

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2008, I electronically filed **MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

Ryan A. Nelson
rnelson@atg.state.il.us

and I hereby certify that on July 30, 2008, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

Donald Mascio, B15769
Graham Correctional Center
Inmate Mail/Parcels
P. O. Box 499
Hillsboro, IL 62049

/s/Matthew A. Lurkins

Matthew A. Lurkins, #6286756
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, National City Center
P. O. Box 1687
Springfield, IL 62705
Phone: (217) 522-8822
Fax:    (217) 523-3902
E-mail: mlurkins@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

E-FILED
Wednesday, 30 July, 2008  10:20:36 AM
Clerk, U.S. District Court, ILCD

State of Illinois      )   *Mascio v. Fisher, et al.,*
                        )   *United States District Court, Central District*
County of Sangamon   )   Case No. 08-1050

## AFFIDAVIT

I, Melody Ford, being first duly sworn upon oath, state that I have personal

knowledge of the facts set forth herein, that I am competent to testify and if called

to testify would state as follows:

1.      I am a Chairperson for the Administrative Review Board in the

office of Inmate Issues, in the Illinois Department of Corrections ("the

Department") since 2001. I have been employed by the Department in various

capacities since 1993. In performing my duties as a Chairperson, among other

things, I maintain a thorough knowledge of the operations and record keeping of

the Department's Administrative Review Board ("ARB"), which reviews

grievances filed by Department inmates in the manner set forth herein.

2.      Inmates incarcerated within the Department may file grievances in

accordance with Department Rule 504F, Grievance Procedures for Committed

Persons. Generally, an inmate must first attempt to resolve grievances through

his counselor. If the grieved issue remains unresolved after such informal efforts,

the inmate may submit a written grievance on a grievance form to the facility

Grievance Officer designated by the Chief Administrative Officer ("CAO"). The

Grievance Officer may personally interview the inmate and/or witnesses as

deemed appropriate and obtain relevant documents to determine the merits of

the inmates grievance. Upon completion of such investigation, the Grievance



EXHIBIT

A

Officer's conclusions and if appropriate, recommended relief is forwarded to the CAO. The CAO or CAO's designee's decision is then submitted to the grieving inmate.

3.    If, after receiving the CAO's decision, the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and CAO's decision. The ARB, as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. If so, the inmate is so advised. Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate, examining relevant documents and at the ARB's discretion, calling witnesses. The ARB submits a written report of its findings and recommendation to the Director or Director's designee, who then reviews the report and makes a final determination on the grievance. A copy of the ARB's report and the Director's final decision is sent to the inmate who filed the grievance. The originals of these documents are maintained in the ARB files. Department Rule 504F: Grievance Procedures for Committed Persons provided no further means for review beyond this step.

4.    Certain issues may be grieved directly to the ARB, rather than first through a counselor or grievance officer. These issues include:

a.  Decisions involving the involuntary administration of psycho-tropic medication;

b.  Decisions regarding protective custody placement, including continued placement in or release from protective custody;

c. Decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and

d. Other issues except personal property issues which pertain to a facility other than the facility where the inmate is currently assigned.

5.    An inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO rather than to a counselor or Grievance Officer. If the CAO determines that there is a substantial risk or imminent personal injury or other serious or irreparable harm to the inmate, the grievance may be handled on an emergency basis. An inmate may appeal the CAO's decision in such a situation to the ARB. The appeal is then handled in accordance with the procedures described in paragraph 3 above.

6.    The grievance procedure may not be utilized for complaints regarding decisions that are outside the Department's authority such as parole decisions, clemency or orders regarding the length of sentences or decisions which have been reviewed by the Director.

7.    I have searched the ARB's records in regards to Inmate Donald Mascio, Register number B15769. I was asked to look specifically for any grievances in which Plaintiff complained of medical care and treatment by Dr. Zhang, Scott Baker, Dr. Mark Fischer and Dr. Soberekon Koko, from March of 2007 through February, 2008. The ARB's records do not contain any grievances in which Plaintiff complained of these facts.


FURTHER AFFIANT SAYETH NOT.

_____
Melody Ford

SUBSCRIBED and SWORN to
before me this ___ day of July 2008.

_____
Notary Public

OFFICIAL SEAL
MARGARET E. BAUGHER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-8-2011