Page 3

UNITED STATES ~~COURT~~ STATE OF ILLINOIS
COURT OF AMERICA ~~FOURTH JUDICIAL DISTRICT~~

MASCIO v. ~~SHERIFF J. FINLEY~~
FISHER ~~08-CV-1050~~

## STATEMENT of facts

That Mascio, ~~is~~ WAS in the custody of the Illinois Department of Corrections at Menard correctional center, under Donald Hulick, warden. also at the Pontiac correctional center under Eddie Jones, warden. FAYETTE COUNTY JAIL under J.D VERGGIE AND IS NOW Also GRAHAM corr. center WARDEN STEVEN C. BRYANT

That exhibit A mittimus reflects Mascio incarcerated for the robbery on 11-15-05 ~~...~~ class ~~2~~ felony 720 ILCS 5/18-1 and Aggravated battery ~~~~ 4 counts all Class 3 felony's 720 ILCS 5/12-4 habitual Criminal Act 33 B, of the 1977 public Act 80-1099 and its retroactive amendatory 1980 public Act 81-1270 EX(B)(C) both sentences 5th District Appellate court modified to concurrent terms for want of violence Parker v. People 141 ILL. APP. 3d 643 (1986)

Constitutional, statutory and case law Involved
US. Const. Amend. V VIII, and XIV
ILL. Const. Article I sec. 2, 10, and 18
1977 public Act 80-1099

page 4

8-1050

1980 public Act. 81-1270
2nd. Dist. App.ct. People v. Richards
No. 82-703 (1983)
Thompson v. Spears 91 F.2d 430 (1937)
Avery v. Midland County Tx. 88 s.ct.
1114, 390 U.S. 474 20 LED 2d. 1485 (1968)

1. That the Appellete court resentencing to concurrent terms, neither said court, circuit court below nor Appointed trial or appellate consel for Mescio, took plain error or Judicial notice or statutory mandate to compel a merging of case and of the commision of this one incidence into one sentence, and there by violated his guarantee into one sentence, and there by violated his guarantee under the Illinois state constitution Article I sec. 10 in that no person shall be compelled in a criminal case to ---be twice put in jeopardy for the same offence" well ought knowing that "where case conviction is based on same physical a lot as armed violence conviction the latter must be vacated see EX(D)

8-1050

AFFIDAVIT

MANDAMUS & Habeas Corpus

The aforementioned mandamus action is still pending between the same parties for the same cause.

A motion to dismiss under Sec. 2-615 Code of Civil Proceedure, 735 ILCS 5/2-615, attacks the legal sufficiency of a complaint based upon defects apparent on its face.
Vito v. Mihelcic, 209 Ill.2d 76, 81 (2004)
528
SEC 10-124 STATES

1. Court has exceeded the limit of its jurisdiction either as to the matter place sum or person.

2. Original imprisonment was unlawful nevertheless, by same act, omission or event which has subsequently taken place at Cook County Jail, Vandalia C.C. Pontiac C.C. Menard C.C. & Fayette County Jail. That Mr. Mascio has been entitled to be discharged ~~see~~ since the time of incident on 10-20-06. Of oversight of his 14th, 4th 8th Amendment Rights being in violation of State & Federal Rights, Ajustment committee

3. Defendants took the 5th Amendment because at the time inmate Mascio did not have counsel of appointment. To were defendant did not choose to self incrimidate himself.

Well Proper

8-1050

I have to require the court to order the restoration of plaintiffs good time credit prior to his release as well as Mascio's M.G.T. credit & his revoked time of 12 months.

# AFFIDAVIT

8-1050

725 ILCS
↓
5/114-9.

Donald Mascio #B15769 am the defendant that has been represented by counsel MR. Edwin Potter. During arraignment my defence counsel did not prepair a formal defence Strategy by defendance request of his witnesses not Procicution witnesses. motion for a list of witnesses. Also the 120 DAY RULE Therefore it is unconstitutional by the ILLinois Supreme court in the case of People ex. rel. Carey v. Strayhorn, 61 Ill. 2d 85, 329 N.E. 2d 194 (1975).

This was an inproper Prelimiary hearing their was evidence that defendant presented to counsel but did not produce list of his defence witnesses. Then after Preliminary to pre-trial no contact with attorney defendant would send letters but Attorney did not respond back. Then the defendant was remanded and Attorney was on 2 weeks vaction. Therefore defendant did not know of this till after a week and a half. of ramanded. The defendant also found out that his Attorney was no long a full time Public defender the the govenor Rod J. Blagivh cut the hours in half their fore my counsel is over whemed with cases. Therefore it makes him an ineffective assistance of counsel. The counsel has a lot of the

8-1050

defence evidence that has not been presented before trial. and after for pre sentencing hearing. Therefore now would have to be mitigating fact that were not included in my PSI. This is so now I can work on Post-conviction motions for the Appellet court. Plus A MOTION FOR Psychic EXAMINATION WAS dismissed, AND OTHER motion's that MR. Potter did not TAKE ON because I MADE ALL of my own motions to challenge the verdict the Judgement HAbeAS CORPus to NO AVAil.

ON APRIL 14, 2008          PONTIAC C.C.   AFFIDAVIT 8-1050

ctor ANGUS, WROTE A MEMO OF RELEASE AGREEMENT TO SEEK
ounseling with psychic DOCTOR. UPON BEING AT HOME ON conditions
 SEEKING medication PRESCRIPTIONS & MENATL HELP.

J APRIL 14, 2008 NURSE SCOTT BAKER said that on a
rder form that I was to recieave zantic for 5 months
he saw me on march 21, 2008 about the same issue.
STILL HAVE NOT RECIEAVED my medication going on 3 months
ow. FROM FEB. 10, 2008 till APRIL 15, 2008. and still counting!

HEART MED. FOR HEART BURN. RANITIDINE

U APRIL 15, 2008  I SAW Doctor coco on six gallery
uring cells to talk with his psychic people. He ARRIVED
T 620 MR. Mascio cell. I explain to him how he cut
y medications OFF THREE times Now. He said that he
was aware of this. But I went into detail of my
edical issue at hand of my nervious condition. So
e drew up a chart and said every 90 min. The
uman body wakes up that it is normal for you
 sleep in a flux pattern. So you dont fall
eep into sleep that you will not wake up from
ne sleeping chart.   [chart: 1, 2, 3, 4]   to stay in the two
evel RANGE.

I do not handle legal matters. You need to contact Law Library - Ms. Rich - Paralegal for any legal assistance
— Hastings 8-1050

AFFIDAVIT

Dear Counselor MR. Hasting                                                    9-23-07

My name is Donald Mascio B15769, on gallery II cell #219 in the north cell house. I am writing to you on behalf of my case. This is an aggravated Battery of two counts. Now I went to court on this issue and they put two more counts on me which is two Battery counts not Aggravated Battery. Look I can not read well or spell I do not have my G.E.D. or High School Diploma. Some how I do not remember them saying that they were charging me with two Class 3 felonys. So that what 4 counts all together. Look my Atterony MR. Potter has not wrote to me or send me letters back from when I write to him. Therefore this is an ineffective asitance of counsle. I need some help with counseling on this issue. Because I thought that I beat 3 counts out all ready! Something is not right. I need to see if you can help me out to post conviction. So this way we can get to the bottom of this issue. My God send me speedy help! I need legal help from someone in the law library to help me out. old Death Row cells #219 North House Pontiac C.C.

Thank you for your time.
Mascio

D. Mascio B15769     AFFIDAVIT        8-1050

MENARD Corr. Center   I.A.

On November 29, 2007 I was excorted to Internal Affairs 8:40 A.M. to 9:00 A.M. by the Sargent of North 2 cell house first shift. I was asked question by Internal Affairs c/o Thomas, about a discipliary report on the date of march 19, 2007. He said why did it take so long for you to report the incident then I explainded to c/o Thomas that why I filed at a latter date. IS because my attorney Mr. Potter was given the original grievances but did not return them back to his defendant Mascio. Therefore I had to file when I went to pontiac c.c. plus I was with out personal property for 76 or 78 days. Thats why it took so long to file! Then what I notice was c/o Thomas was very cocky like a Jock. Then the other ones were sarcastic and lieing to me about a jumpsuit & a sheet that was damage to state property, That I can get six months taken away from me. Do you got any time for us to take from you. How old are you're hieght, weight if you are in an organization I said ex-26. Then said dont lie to me because I will find out and keep you hear in menard c.c. as long as I can. He also said this is prison I said but they did not have to use excessive force. He ask me about witnesses I told him Bryan Dunn, Mr. Dale Anderson then he said that they were not good. He said tell my partner what you said Mr. Dale Anderson & Bryan

8-1050

Dunn, along with Brown & Merk Deizerk. I told him my DNA is still in the chuckhole. I dont no what I signed I felt ackually violated of my marandum Rights. By being nervous of the issue. He also was telling his porter before I came that it will be real quick and for me to sit my ass in the chair. Right there sit your ass their. I dont know what to call this but Retailation. He said every one lie to him even his correctional officers. Then said what is the name of your gallery officer that refused you of Medical Attention. I said he has red hair toll & thin or skinny. %0 THoms said oh thats easy he is said the name but I cant not remember. That easy is what %0 THomas said I can talk to him because he is here today. Therefore I fear for life.

AFFIDAVIT 8-1050

Date: April 10, 2008

Donald Marcio
Box 99-B15269
Pontiac Ill 61764

Dear Illinois State Police,

Hello, My name is Donald Marcio I'm temporary incarcerated here at Pontiac Correctional Center, Pontiac Illinois.

I am writing you this letter in regards to being brutally sexually assaulted.

On June 06, 2007 I was remanded to Fayette County Jail for a case I have pending in Fayette County.

On June 26, 2007 I was brutally attack and sexually assaulted by a federal inmate by the name of Donald Collins, while in the shower area at Fayette County Jail.

The Fayette County Jail administrator c/o JD and c/o Joe witness this when they walk into the shower area and seen (Donald Collins) brutally attacking me before they finally got the situation under control.

The Fayette County Jail administrator c/o JD did not attempt to file an incident report, nor did he inform his commanding chief about the incident. So the incident went without notice.

I complained to numerous of people at Fayette County Jail but no one would believe me as I

(OVER)

8-1050

2  tried to explain my situation. So my question to you is, Can I press charges against that federal inmate Donald Collins for brutally sexually assaulting me??

I would highly appreciate if you would respond to this letter.

Thank you for your time, patience and understanding regarding this matter.

Respectfully Submitted

Donald Malcis #B15769

EXHIBIT "A"

IN THE CIRCUIT COURT OF COOK COUNTY

PEOPLE OF THE STATE OF ILLINOIS  )   CASE NUMBER    06CR0026201
                   V.            )   DATE OF BIRTH  04/10/71
DONALD    MASCIO                 )   DATE OF ARREST 12/05/05
Defendant                            IR NUMBER 0927387  SID NUMBER 028728890

ORDER OF COMMITMENT AND SENTENCE TO
ILLINOIS DEPARTMENT OF CORRECTIONS
====================================

The above named defendant having been adjudged guilty of the offense(s) enumerated below is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | Class |
|---|---|---|---|---|
| 01 | 720-5/18-1(a) | ROBBERY | YRS. 003 MOS.00 | 2 |

and said sentence shall run concurrent with count(s) ___ ___ ___ ___

_____ _____ _____  YRS. ____ MOS. ____
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____ _____ _____  YRS. ____ MOS. ____
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____ _____ _____  YRS. ____ MOS. ____
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____ _____ _____  YRS. ____ MOS. ____
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

On Count ___ defendant having been convicted of a class _ offense is sentenced as class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count ___ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of 0296 days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with the sentence imposed in case number(s) _____
AND: consecutive to the sentence imposed under case number(s)
_____ _____ _____ _____ _____

IT IS FURTHER ORDERED THAT     CORRECTED MITT - CREDIT FOR 296 DAYS
_____
_____

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

ENTERED
JUDGE THOMAS M DAVY - 1590
OCT 24 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

DATED   OCTOBER 24, 2007                          ENTER: 10/24/07

CERTIFIED BY   L SUTTON                           JUDGE: DAVY, THOMAS M.    1590
               DEPUTY CLERK

BGP3 10/24/07 13:26:23                                                 CCG N305

## State of Illinois - Department of Corrections
## Counseling Summary


EXHIBIT B-1

| | | | |
|---|---|---|---|
| IDOC # | B15769 | Counseling Date | 01/22/08 08:37:24:502 |
| Offender Name | MASCIO, DONALD | Type | Collateral |
| Current Admit Date | 09/26/2006 | Method | Other |
| MSR Date | 05/15/2008 | Location | PON RECORDS OFFICE |
| HSE/GAL/CELL | N-05-04 | | |

GERMAIN WYANE

You do not have a parole violation because you haven't paroled yet. The warrant is for a pending case in Fayette County for a staff assault you committed while at Vandalia. Once you get sentenced, the warrant will be withdrawn.

Print Date  1/22/2008

STATE OF ILLINOIS )
) SS.
COUNTY OF FAYETTE )

EXHIBIT "C"

## AFFIDAVIT

I, Donald Mascio #B15764, after being sworn upon my oath, depose and state as follows:

My current address is: Pontiac Correctional Center, P.O. Box 99, Pontiac Il. 61764

I am making this affidavit for the purpose of: to obtain a new trial and due to the ineffective representation by current counsel a new attorney be made to represent me on my behalf.

I am making the following statements on oath regarding the purpose of this affidavit, as stated above: During arraignment my defence counsel did not prepair a formal defence strategy by defendance request of his witnesses not prosecution witnesses. motion for a list of witnesses 725 ILCS 5/114-9 therefore it is unconstitutionaly by the Illinois Supreme court in the case of People ex.rel Carey v. Strayhorn, 61 Ill.2d 85, 329 N.E.2d 194 (1975) This was an improper preliminary hearing their was evidence that the defendant presented to counsel but did not produce the list of his defense witnesses. Then after preliminary to pre-trial no contact with attorney defendant would send letters but attorney did not respond back. Then the defendant was remanded and attorney was on a two week vacation. Therefore defendant did not know of this till after two weeks of remanded. The defendant would call every day on the phone and send request memo's to his counsel but one or two time a day I would call. The defendant also found out that his attorney was no longer a full-time public defender, the governor Rod J. Blagojevich cut the hours in half therefore my counsel is over whelm with cases. Therefore it makes him an ineffective assistance of counsel. The counsel has a lot of the defense evidence that has not been presented before trial and after for pre sentencing hearing. Therefore now would have to be mitigating facts that were not included in my PSI this is so now I can work on Post conviction motions for the appellet court. Strickland v. Washington 80 L.Ed. 2d 674; 466 U.S. 668, 104 S.Ct 2052

I, Donald Mascio, affiant, do hereby declare and affirm under penalty of perjury as defined in 735 ILCS 5/1-109, that everything contained herein is true and correct to the best of my knowledge and belief. I further declare and affirm that the contents of the foregoing documents are known to me and are accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivously or maliciously and that i believe the foregoing matter is taken in good faith.

Signed on this the 26 day of November, 2007.

*Donald Mascio*
Affiant

EXHIBIT "D"

IDOC# B15769

# NOTICE OF RIGHTS
# PRELIMINARY PAROLE REVOCATION HEARING

Pursuant to settlement of the class action law suit entitled *King v. Walker, et al.*, 06 C 204, in the United States District Court for the Northern District of Illinois:

- You have a right to a Preliminary Parole/Mandatory Supervised Release Revocation Hearing within 10 business days of imprisonment pursuant to the execution of a parole violation warrant to determine whether or not probable cause exists that you did commit one or more violations of your conditions of parole or mandatory supervised release.

- You have the right to waive the Preliminary Parole Revocation Hearing. A waiver of the preliminary parole revocation hearing does not indicate an admission of guilt to the alleged violations. If you waive the preliminary parole revocation hearing, you will receive a full revocation hearing before the Illinois Prisoner Review Board.

- You have the right to hire an attorney to represent you in connection with the Preliminary Parole Revocation Hearing.

- You have the right to appear at the hearing and speak on your behalf.

- You have the right to provide the hearing officer with documents and letters relevant to the alleged parole violation(s).

- You have the right to present witnesses at the hearing.

- You have the right to cross examine witnesses at the hearing.

- The burden of establishing probable cause is on the Illinois Department of Corrections which shall assign an investigator to conduct an investigation into the circumstances surrounding the arrest or violation.

- You have the right to receive a written decision of whether probable cause exists within 72 hours of the hearing.

- You DO NOT have the right to a preliminary hearing if probable cause on any new criminal charge is determined by the court prior to the hearing date.

- If probable cause is found at the Preliminary Parole Revocation Hearing, you may request that the hearing officer recommend to the Prisoner Review Board that the parole violation warrant be withdrawn pending a final parole revocation hearing. Withdrawal of the parole violation warrant would allow you to post bond if bond had been set by a criminal court judge in connection with the new criminal charges issued against you. You may request that the hearing officer recommend to the IPRB that the warrant be withdrawn pending a final revocation hearing by marking the appropriate box on the Parole Board order and return it to the PRB at the address provided on the order.

- Procedure for calling witnesses to testify at your preliminary parole revocation hearing:

  - If you would like to call witnesses to testify at your preliminary hearing, please provide the following information for each witness requested. Staff of the Prisoner Review Board will use the information provided to contact the witnesses and advise them of the date and time of the hearing. If your hearing is taking place at the Stateville Northern Reception and Classification Center, your witnesses may appear there or by video conferencing located at the West Side Adult Transition Center, located at 121 North Campbell, Chicago, Illinois 60612. The witnesses may also testify, with your agreement, by telephone. It is your responsibility to provide complete contact information to the Illinois Prisoner Review Board so the witnesses can be contacted in a timely manner. If you do not provide the proper witness contact information to the Illinois Prisoner Review Board prior to 72 hours before the hearing is scheduled, and you still want the witnesses to testify, you will have to request a continuance so the witnesses can be contacted by Illinois Prisoner Review Board.

---

*(Section to be filled out by parolee being held on a violation)*

I do not wish to call any witnesses: _____ (place initials)

I would like to call the following witnesses:

Name: EDWIN L. POTTER
Address: 221 SOUTH SEVENTH STREET
Phone No. 618-283-9646
Relationship: ATTORNEY
Witness to testify: (Yes) or No

Name: MARY MASCIO
Address: 6421 S. RICHMOND
Phone No.: 773-471-0426
Relationship: MOTHER
Witness to testify: (Yes) or No

Name: RANDELL S. MORGAN
Address: 104 EAST MADISON STREET
Phone No. 815-844-4400
Relationship: ATTORNEY
Witness to testify: (Yes) or No

Name: MICHAEL MCHANY
Address: 221 SOUTH SEVENTH STREET
Phone: 618-283-9646 Relationship: JUDGE
Witness to testify: YES

Acknowledgement of Receipt: I __DONALD MASCIO__, IDOC #_B15769_ hereby acknowledge
    Print Name
that I have received a copy of this "Notice of Rights Preliminary Parole Revocation Hearing," and that I have indicated my choice on whether or not I will call witnesses at my hearing.

Signed: _Donald Mascio_     Date: JUNE 30, 2008
    Parolee

---

*(Section to be filled out by inmate on his initial release from IDOC to parole or MSR)*

Acknowledgement of Receipt: I __Donald Mascio__, IDOC #_B15769_ hereby acknowledge
    Print Name
that I have received a copy of this "Notice of Rights Preliminary Parole Revocation Hearing" upon my release from the Department of Corrections to parole or Mandatory Supervised Release.

Signed X_Donald Mascio_     Date: 5/15/08
    Inmate